735 A.2d 1195 (1999)
324 N.J. Super. 463
STATE of New Jersey, Plaintiff-Respondent,
v.
Timothy FREEMAN, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued August 31, 1999.
Decided September 16, 1999.
Theresa Yvette Kyles, Assistant Deputy Public Defender, for defendant-appellant (Ivelisse Torres, Public Defender, attorney; Ms. Kyles, of counsel and on the brief).
Jack L. Weinberg, Assistant Prosecutor, for plaintiff-respondent (Lee A. Solomon, Camden County Prosecutor, attorney; Mr. Weinberg, of counsel and on the brief).
*1196 Before Judges KEEFE and CARCHMAN.
The opinion of the court was delivered by CARCHMAN, J.A.D.
This appeal requires us to examine the Supreme Court's decisions in State v. Talley, 94 N.J. 385, 466 A.2d 78 (1983) and State v. Smith, 136 N.J. 245, 642 A.2d 978 (1994) in determining whether defendant, whose testimony set forth facts admitting a theft by deception, N.J.S.A. 2C:20-4, was entitled to a jury instruction as to such offense when the underlying charge was robbery, N.J.S.A. 2C:15-1. We conclude that defendant was so entitled and reverse and remand for a new trial.
The issue arises in the following procedural and factual context. Defendant Timothy Freeman was charged with first degree robbery, N.J.S.A. 2C:15-1; second-degree possession of a handgun by a convicted felon, N.J.S.A. 2C:39-7; third-degree possession of a firearm without a permit, N.J.S.A. 2C:39-5b; and second-degree possession of a firearm with purpose to use it unlawfully against the person of another, N.J.S.A. 2C:39-4a. The trial judge severed the charge of possession of a weapon by a convicted felon and a jury trial proceeded on the other counts. The jury found defendant not guilty of the robbery and the weapons charges but guilty of third-degree theft from the person, N.J.S.A. 2C:20-3, with a specific finding that the property taken had a value of less than $200. Defendant was sentenced to a five-year term of imprisonment with a one-year period of parole ineligibility together with restitution and statutory fines and penalties.
The victim's and defendant's version of events differed sharply. David Lucha, the victim, claimed that on December 28, 1996, he stopped his truck and picked up a woman walking on the roadway. After driving a short distance, the woman exited the truck, and defendant entered the truck. Although Lucha could not identify defendant, there was no factual dispute that defendant was in Lucha's truck as defendant admitted being there and was observed in the passenger's seat by a police officer who came upon the scene and spoke to defendant. According to Lucha, defendant pointed a gun at him and demanded money. Lucha turned over approximately $200 to defendant who then fled. Lucha reported the alleged robbery, and defendant surrendered himself to the police the next day.
Defendant's version of the events was substantially different. He claimed, at trial, that he was standing on the street when Lucha pulled up in his truck and asked defendant, who then entered the truck, to "go to the motel and get him some drugs and a prostitute." Lucha gave defendant fifty dollars whereupon defendant left the truck but never returned. Defendant denies that he had a weapon or that he threatened Lucha.
After the completion of the testimony, defendant requested that the judge charge the jury on the crime of theft by deception, N.J.S.A. 2C:20-4, to reflect the testimony by defendant at trial. The trial judge declined to do so and stated:
Okay. Counsel, I'm going to deny that request. The case of State of New Jersey v. Juan Darnell Smith, 136 N.J. 245 [642 A.2d 978], I believe is very much on point. In that case, the defendant took the stand and by his own admission admitted that hehe said he was committing a theft of services. This case goes on, and this is a Supreme Court case, and it was indicated that a theft of services is not a lesser included offense of armed robbery and the defendant is not entitled to a jury instruction to that effect. It goes on to say that the essential element of deception in the case of obtaining services without payment is not essential to the robbery, and threat of immediate bodily harm element of armed robbery established in *1197 the offense is different both in degree and in kind than in theft of services.
In this case, what we have here is the defendant indicating that he took the money from the defendant [sic]. He's saying he took it for the purpose of trying to obtain drugs or a prostitute, and that he didn't come back. That is completely separate and apart from what is charged in the indictment.
And this case, Smith, indicates also that exercise of prosecutorial discretion in chargingprosecutorial charging discretion includes authority to decline to prosecute for an offense that defendant admits having committed if that offense is inconsistentwith the theory of the State's case. The defendant should not be allowed to alter the State's trial strategy by admitting commission of an unrelated less serious offense, and thus having the Court charge the jury over the State's objection that it may return a verdict on that offense.
And for that reason, counsel, I'm not going to charge a theft by deception as a lesser included offense. I've already given them the lesser included of theft, theft in person, as well as theft of monetary amounts, and the elements are different for that reason. I am not going to charge it.
After charging the jury as to theft from the person, N.J.S.A. 2C:20-3, the jury acquitted defendant of the robbery and weapons charge and found defendant guilty of theft from the person with the amount taken to be "less than $200." No instructions were offered as to the relevance of defendant's version.
On appeal, defendant raises the following issues:
POINT I
BASED ON A MISAPPLICATION OF STATE V. SMITH AND STATE V. TALLEY, THE TRIAL COURT REFUSED TO CHARGE THE JURY REGARDING THEFT BY DECEPTION. IT ERRED IN FAILING TO INSTRUCT THE JURORS TO FIND DEFENDANT NOT GUILTY IF THEY BELIEVED HIS VERSION OF EVENTS. THIS VIOLATED DEFENDANT'S RIGHT TO DUE PROCESS AND A FAIR TRIAL. U.S. CONST. AMEND. XIV; N.J. CONST. (1947), ART. I, ¶ 1.
A. In refusing to charge theft by deception the trial court misapplied State v. Talley and State v. Smith.
B. The trial court failed even to apply State v. Smith properly when it neglected to charge that if the jury believed defendant, it should find him not guilty.
POINT II
DEFENDANT WAS DEPRIVED OF DUE PROCESS BY THE TRIAL COURT'S DECISION TO GIVE A JURY CHARGE ON THEFT FROM THE PERSON AND BY THE CONFUSING CHARGE GIVEN, WHICH FAILED TO DISTINGUISH BETWEEN THEFT FROM THE PERSON, DISORDERLY PERSONS THEFT, AND THEFT BY DECEPTION. (Partially Raised Below).
A. It was error to charge theft from the person. Even if this charge should have been given, the court erred in failing to tell the jury that if they believed money was voluntarily given to defendant, they should acquit him.
B. The instructions and verdict sheet were so confusing as to be useless to the jury in reaching its verdict on theft.
POINT III
THE FIVE YEAR SENTENCE WITH ONE YEAR TO BE SERVED BEFORE PAROLE ELIGIBILITY IS EXCESSIVE.
On appeal, defendant argues that the case is governed by the principles enumerated in State v. Talley, supra, rather than State v. Smith, supra, on which the trial *1198 judge relied. A determination of that issue requires a review of those cases.
In Talley, the State presented evidence that the victims had been forced at gunpoint to turn over their wallets to defendant. Defendant claimed that the victims had paid him money for a quantity of marijuana, and that defendant gave them some herbal tea instead. Based on defendant's testimony, the trial court, over defendant's objection, charged the jury that it could find defendant guilty of theft by deception, which had not been considered by the grand jury. Defendant was convicted of that offense. The Supreme Court concluded that the purpose of the statutory consolidation of theft offenses was to prevent a defendant from "defeat[ing] one charge by arguing that he committed a different criminal offense that in fact he misappropriated the property by some means other than the kind of theft contemplated by the indictment." Talley, supra, 94 N.J. at 391, 466 A.2d 78. Defendant could not claim surprise or prejudice at having to defend against a charge of theft by deception, since admitting to this other offense established his defense to armed robbery. The Court observed that it would not allow the adversary system to "deteriorate into a mere game in which defendant brazenly manifests his contempt for the system by openly admitting his guilt of an offense and then seeking exoneration on the basis of some arcane notion of pleading." Id. at 394, 466 A.2d 78. Talley's conviction of theft by deception, even though not enumerated in the indictment or considered by the grand jury, was permitted to stand. The Court held that as a result of the statutory consolidation of the theft offenses, N.J.S.A. 2C:20-2a, theft by deception, while not a lesser-included offense of armed robbery, was "embraced" by an indictment for armed robbery. Id. at 393-94, 466 A.2d 78. The Court added that "any conduct denominated as theft is within the four corners of a robbery indictment." Id. at 393, 466 A.2d 78.
Thereafter, the Supreme Court addressed the application of Talley in State v. Smith, supra. In Smith, the State presented evidence that defendant robbed a cabdriver of money at knifepoint. Defendant denied committing a robbery but admitted to theft of services, testifying that he offered the driver a counterfeit bill in payment, but when the driver refused it, defendant merely left the cab without paying his fare. The trial court refused to charge the jury as to theft of services, and the Supreme Court affirmed, concluding that, notwithstanding consolidation, "theft of services is not within the four corners of a robbery indictment when the theft underlying the robbery was the wrongful taking of the victim's money." Smith, supra, 136 N.J. at 253, 642 A.2d 978. The Court held that the offense of theft of services was not a lesser-included offense of armed robbery and rejected application of its decision in Talley. The Court said:
A defendant should not be allowed to alter the State's trial strategy by admitting the commission of an unrelated, less serious offense, and then having the court charge the jury, over the State's objection, that it can return a verdict on that offense.

[Ibid.]
Some basic distinctions emerge from the two cases. In Talley, defendant opposed the submission to the jury of the theft by deception charge and sought to be exonerated by his denial of the robbery and his admission of the lesser offense of theft by deception. In Smith, the Court perceived defendant's version of the incident as a means of insuring a conviction on a lesser offense (theft of services) and avoiding the robbery charge. Having concluded that theft of services did not fall within the indictment, the Court recognized the prosecutor's charging function in determining the propriety of a charge of theft of services.
Finally, we are persuaded by the State's contention that the exercise of prosecutorial charging discretion includes *1199 the authority to decline to prosecute defendant for an offense that defendant admits having committed, if that admission is inconsistent or incongruent with the theory of the State's case. In prosecuting defendant for armed robbery and possession of a weapon for an unlawful purpose, the State was prepared to have the jury acquit defendant if it believed he had committed only the offense of theft of services. A defendant should not be allowed to alter the State's trial strategy by admitting the commission of an unrelated, less serious offense, and then having the court charge the jury, over the State's objection, that it can return a verdict on that offense.

[Ibid.]
The prosecutor's charging discretion becomes directly relevant when an offense is not a lesser-included offense or is not "embraced" by an indictment and need not be charged absent prosecutorial consent. This is decidedly different from a trial court's obligation to charge offenses not contained in the indictment that are supported by the evidence. See State v. Purnell, 126 N.J. 518, 531, 601 A.2d 175 (1992) (noting that a defendant is generally entitled to have the jury consider all offenses that are supported by the evidence presented); State v. Sloane, 111 N.J. 293, 300, 544 A.2d 826 (1988) (finding flexibility within the categories of lesser-included offenses and noting that a jury should be able to determine a defendant's degree of culpability based upon the evidence before it). We reject any notion that the Court's observation in Smith regarding the prosecutor's charging discretion represents any retreat from the general obligation of a trial court to charge any properly supported lesser-included offenses which should be included in the jury instructions.
Where the offense is not a lesser-included offense or need not be charged, the prosecutor's discretion is relevant, but defendant is entitled appropriate consideration in the charge of defendant's version of the facts. Cf. State v. Martin, 119 N.J. 2, 16-17, 573 A.2d 1359 (1990) (holding that when a defendant proposes a divergent version of the facts at trial, the judge must provide the jury with instructions consistent with those facts in order for the jury to properly consider which factual scenario it believes). At a minimum, the trial court must charge the jury, as was done in Smith, that if the jury believes defendant's version of the facts, defendant must be acquitted. By failing to so charge in this case, the jury had defendant's version of the events and no instruction as to how to apply such facts. That, standing alone, was sufficient to cause an unjust result. R. 2:10-2.
Smith represents a narrowing of the expansive view of the consolidation of theft offenses. In determining whether a theft charge of lesser degree, even if not a lesser-included offense, should be charged, the Court requires a careful analysis of not only the factual underpinning of the lesser charge but the harm to be protected against.
In the instant case, however, we are concerned with two separate harms, not two versions of the means through which defendant brought about the same harmthe involuntary transfer of a single form of property. The State charged that defendant stole the victim's money at knifepoint. Defendant claims that he stole only the service of the taxi ride. The fact that defendant argues a different means of involuntary transfer does not permit consolidation of the harm he admits with the harm that the State charges.
[Smith, supra, 136 N.J. at 252, 642 A.2d 978.]
In concluding that theft of services should not be charged in Smith while approving a charge of theft by deception in Talley, the Court concluded that the mere fact that an offense may be within the parameters of the consolidation statute is not dispositive in determining whether the judge should submit consideration of such offense to the jury. The analysis must be three-fold: a) *1200 whether the offense is a lesser-included offense; b) whether the offense is "embraced" by the indictment; or c) whether the subject matter of the offense relates to the harm protected against. Where relevant, the prosecutor's charging discretion must be considered. Such analysis did not take place here and defendant was entitled to a theft by deception charge.
We have carefully reviewed the other issues raised by defendant and conclude that they are without merit. R. 2:11-3(e)(2).
Reversed and remanded for a new trial.