750 A.2d 185 (2000)
330 N.J. Super. 561
STATE of New Jersey, Plaintiff-Respondent,
v.
Robert Lavon BRAXTON, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted March 22, 2000.
Decided May 9, 2000.
*186 Ivelisse Torres, Public Defender, for defendant-appellant (Steven M. Gilson, Designated Counsel, on the brief).
Fred J. Theemling, Jr., Hudson County Prosecutor, for plaintiff-respondent (Howard Bell, Assistant Prosecutor, on the brief).
Before Judges KESTIN, WEFING and STEINBERG.
The opinion of the court was delivered by KESTIN, J.A.D.
In a jury trial, defendant was acquitted of charged burglary and aggravated assault and convicted of lesser included offenses, respectively fourth degree criminal trespass and disorderly persons simple assault. The trial court sentenced defendant to prison terms of eighteen months on the criminal trespass conviction and six months on the simple assault charge to be served concurrently with each other and *187 consecutively to a sentence for violation of parole. Appropriate statutory assessments and penalties were ordered.
The State's case at trial was presented through three witnesses: the two victims and a police officer. Defendant did not testify; and no other witnesses appeared on his behalf.
On January 21, 1998, Albert Lloyd was home in his ground level apartment in Jersey City, where he resided with his mother, Gloria Lloyd. At approximately 12:30 a.m., as he sat in his kitchen watching television, Mr. Lloyd heard his neighbor's dogs barking. Mr. Lloyd then heard a sound as if someone were climbing the fence in his backyard. He testified that when he opened the back door to look into the yard he heard a gate open and concluded that someone was coming towards the door. Mr. Lloyd then closed the door and told his mother to call the police. According to Ms. Lloyd, after hearing some commotion in the backyard she went to the kitchen to investigate. She saw her son in front of the door and defendant standing on the other side.
Mr. Lloyd testified that defendant appeared a "little hysterical" and "his eyes looked like they were bugging out of his head." According to Mr. Lloyd, defendant told him that he was being chased by someone. Mr. Lloyd told defendant to "calm down" and informed him that the police had been called.
According to Mr. Lloyd, at this point defendant put his fist through the glass door and forced his way into the kitchen. A struggle ensued between defendant and Mr. Lloyd, while Ms. Lloyd was looking on and speaking with a 911 operator. Eventually, Mr. Lloyd was able to subdue defendant until the police arrived. As a result of the struggle, Mr. Lloyd sustained injuries to his shoulder and the knuckles on his right hand.
About five minutes after Ms. Lloyd had called the police, Officer Louis Karras of the Jersey City Police Department arrived on the scene with his partner. Officer Karras testified that upon entering the apartment he saw Mr. Lloyd and defendant grappling and noticed that there was a considerable amount of blood on both individuals. Karras ordered defendant to get on the ground, handcuffed him, and called for medical assistance because defendant had a severe cut on his wrist. According to Karras, while defendant was handcuffed he was screaming at everyone in the house, yelling that he had been shot at and screaming "Why don't you just kill me? Just kill me."
On appeal, defendant contends, inter alia, that the trial court committed plain error by failing sua sponte to charge the jury on defiant trespass, N.J.S.A. 2C:18-3b, a varietal of criminal trespass, as a lesser included offense of unlicensed entry into a structure, N.J.S.A. 2C:18-3a. We hold that no such charge was warranted.
In general, for a crime to be considered a lesser included offense it must either "be established by proof of the same or less than all the facts used to establish the greater charge, N.J.S.A. 2C:1-8d(1), or it must differ from the crime charged only through a lower degree of risk of injury to the victim or a lower degree of culpability of the defendant, N.J.S.A. 2C:1-8d(3)." State v. Smith, 136 N.J. 245, 249-50, 642 A.2d 978 (1994). Yet, the facts must also
provide "a rational basis for a verdict convicting the defendant of the included offense" instead of the offense charged in the indictment. N.J.S.A. 2C:1-8e. In order to charge a lesser-included offense, there must be a basis for finding the defendant not guilty of the greater offense, as well as guilty of the lesser offense.
[State v. Pantusco, 330 N.J.Super. 424, 445, 330 A.2d 107 (App.Div.2000) (citing State v. Brent, 137 N.J. 107, 115-17, 123, 644 A.2d 583 (1994) (emphasis supplied)).]
*188 Three distinct types of trespass are prohibited by N.J.S.A. 2C:18-3. See State in the Interest of L.E.W., 239 N.J.Super. 65, 70, 570 A.2d 1019 (App.Div.),[1]certif. denied, 122 N.J. 144, 584 A.2d 216 (1990). We are called upon to determine whether, generally or in the circumstances established by the proofs herein, defiant trespass as defined by N.J.S.A. 2C:18-3b should be considered a lesser included offense of N.J.S.A. 2C:18-3a prohibiting unlicensed entry into structures. A close reading of N.J.S.A. 2C:18-3 as a whole reveals that, as a general matter, defiant trespass is established by different facts than are required to prove unlicensed entry into a structure, and therefore usually cannot be considered a lesser included offense.
N.J.S.A. 2C:18-3a provides that unprivileged entry into a dwelling or into other specifically named structures[2] is a fourth degree criminal trespass, denominated "unlicensed entry of structures." The offense has two key elements. L.E.W., supra, 239 N.J.Super. at 70, 570 A.2d 1019. First, an individual must knowingly enter or remain without authorization. Ibid. Second, the offense requires that the "entry or remaining" occur in a "structure". Ibid. Thus, unless the premises entered by the individual is a "structure", as defined by N.J.S.A. 2C:18-1 or supplemented by the additional provisions of 2C:18-3a, there can be no fourth degree criminal trespass. If a "structure" is involved, however, the State need only "prove that defendant made an unlicensed entry or surreptitiously remained in any structure and knew he was not licensed or privileged to do so and nothing more." L.E.W., supra, 239 N.J.Super. at 71, 570 A.2d 1019.
As defined by N.J.S.A. 2C:18-3b, defiant trespass is a petty disorderly persons offense committed by the unprivileged entry onto open land after prohibitory notice of some kind has been given. Proof of notice is essential. See L.E.W., supra, 239 N.J.Super. at 74-75, 570 A.2d 1019.
Manifestly, from the plain language of subsections a and b of N.J.S.A. 2C:18-3 and their juxtaposition, subsection a was designed to deal with one type of trespass crime, "unlicensed entry of structures", while subsection b was designed to deal with another type of trespass crime, a lower level offense for trespass upon open land, rather than a structure, despite notice prohibiting entry.
Where the proofs, as here, have established that the defendant entered a structure which he was notby invitation, license, or privilegeentitled to enter, there is no sense within the legislative scheme to invite a jury to find him guilty of the lesser offense of entering open land in defiance of a notice. To do so would treat two definitionally different crimes as being more or less the same. We hold that such a result would violate the manifest legislative design. Defiant trespass is not a lesser included offense of unlicensed entry of structures where the proofs clearly establish that if a trespass was committed at all it involved entry into a structure. N.J.S.A. 2C:18-3b. See Pantusco, supra, 330 N.J.Super. at 445, 750 A.2d 107.
The proofs here tended to establish that defendant had entered the victims' home unbidden. If the jury was to find him guilty of a crime, it was trespass into a *189 structure, or none at all. He had not been separately charged with entry into the backyard by climbing the fence. Since entry into an actual structure is required for a conviction under subsection a, it establishes an offense that is different from defiant trespass not simply in degree but in kind. See Smith, supra, 136 N.J. at 251, 642 A.2d 978. Especially under the facts established by the proofs in this case, we therefore hold that defiant trespass is not generally, and could not here be treated as, a lesser included offense of unlicensed entry of structures satisfying the requirements of N.J.S.A. 2C:1-8d(3).
In a case charging fourth degree trespass with requisite specificity but with different proofs which raise a question whether the defendant had entered a structure without permission or authorization, or whether the alleged trespass was limited to the curtilage, that defendant might be entitled to a charge as to lesser included defiant trespass. But this is not that case. Certainly, given the proofs in the matter, it was not plain error for the trial judge to have rendered a jury charge limited to the fourth degree offense. See Pantusco, supra, 330 N.J.Super. at 445-46, 750 A.2d 107.
Based upon our review of the record in the light of the additional arguments raised by the parties we also conclude that the remaining issues raised by defendant on appeal are clearly without merit. They are:
POINT II THE TRIAL COURT ERRED BY NOT REDEFINING "RECKLESSLY" AS TO THE SIMPLE ASSAULT CHARGE. (NOT RAISED BELOW)
POINT III DEFENDANT'S SENTENCE MUST BE MODIFIED BECAUSE THE COURT FAILED TO CONSIDER AN APPROPRIATE MITIGATING FACTOR, THAT HIS IMPRISONMENT WOULD ENTAIL HARDSHIP TO HIS DEPENDENTS.
An at-length exposition on those issues would have no precedential value. See R. 2:11-3(e)(2).
Defendant's convictions and sentence are affirmed.
NOTES
[1] L.E.W. held that there are only two forms of trespass prohibited by N.J.S.A. 2C:18-3: unlicensed entry of structures and defiant trespass; however, a 1997 amendment to the statute added a third: peering into windows or other openings of dwelling places. N.J.S.A. 2C:18-3(c).
[2] N.J.S.A. 2C:18-1 defines "structure" as meaning "any building, room, ship, vessel, car vehicle or airplane, and also means any place adapted for overnight accommodation of persons, or for carrying on business therein, whether or not a person is actually present." N.J.S.A. 2C:18-3a designates other specific structures, as well.