812 A.2d 429

STATE OF NEW JERSEY, PLAINTIFF v. KESHON ROBERSON, DEFENDANT.

Superior Court of New Jersey
Law Division, Criminal Part, Passaic County

Decided August 12, 2002.

*Michael J. DeMarco*, Special Deputy Attorney General, Acting Senior Assistant Prosecutor (*Boris Moczula*, Special Deputy Attorney General, Acting Passaic County Prosecutor), for Plaintiff.

*Matthew T. Priore*, for Defendant.

ROTHSTADT, J.S.C.

A jury in this action acquitted the defendant of theft of movable property (*N.J.S.A.* 2C:20–3(a)) but convicted the defendant of unlawful taking of a means of conveyance (*N.J.S.A.* 2C:20–10(b)) and unlawful taking of a means of conveyance while operating in a manner that creates risk of injury or harm. (*N.J.S.A.* 2C:20–10(c)). The jury also convicted the defendant of resisting arrest (flight) (*N.J.S.A.* 2C:29–2(a)(1)); obstructing the administration of law (*N.J.S.A.* 2C:29–1(a)) and obstructing the prosecution of a crime of theft. (*N.J.S.A.* 2C:29–1(b)). After the trial, but before his original sentencing date, the defendant filed a motion to set aside the verdict as to his conviction for third degree "joyriding." *N.J.S.A.* 2C:20–10(c).[1] The defendant's motion is granted since it is the court's opinion that third degree joyriding is not a lesser-included offense of theft, and is not encompassed by the consolidation provision for theft offenses contained in the Code. *N.J.S.A.* 2C:1–8(d); *N.J.S.A.* 2C:20–2(a).

The facts adduced at trial established that the defendant operated a vehicle that did not belong to him without the owner's consent or knowledge. In fact, the subject vehicle had evidently been stolen and abandoned when the defendant decided to take the vehicle from the street where it was parked. Specifically on November 5, 2000 at about three o'clock in the morning, the defendant drove the car on North Seventh Street in Paterson, without any headlights. The defendant and an unidentified pas-

---

[1] In addition, the defendant pled guilty to other charges stated in unrelated indictments. The convictions for resisting and obstruction, as well as the unrelated indictments were not the subject of the defendant's motion.

senger occupied the car. The arresting officer attempted to stop the defendant by activating the overhead lights of his patrol car while following behind the defendant. The defendant, however, did not stop. Instead, he ignored the officer's signal and continued to operate the vehicle. As the officer chased the defendant, the doors of the vehicle opened and the defendant and his passenger rolled out of the car, while the car continued to travel without any driver. The defendant rolled to a curb and then started to run away from the officer who then pursued the defendant on foot. The automobile, which had been traveling at about twenty miles per hour, (fortunately) crashed into a utility pole in a residential neighborhood. The officer ultimately apprehended and arrested the defendant.

The Grand Jury subsequently returned an indictment charging the defendant with Burglary (Third Degree) [2]; Theft (Third Degree); and Resisting Arrest (Third and Fourth Degree). Previously, the police officer issued summonses to the defendant for driving without headlights (*N.J.S.A.* 39:3–56) and for operating an unregistered vehicle (*N.J.S.A.* 39:3–10). In October 2001, the court began a jury trial that ended in a mistrial. The court completed a retrial of the same charges on March 14, 2002.

During both the pre trial conference and the charge hearing in the retrial, the defendant requested that the jury be charged with the law as to the fourth degree crime of unlawful taking of a means of conveyance (*N.J.S.A.* 2C:20–10(b)) ("joyriding") as a lesser-included offense. The State requested that the Court also charge the jury with the law as to the third degree crime of unlawful taking of a means of conveyance while operating in a manner that creates risk of injury or harm (*N.J.S.A.* 2C:20–10(c)). The defendant strenuously objected to the State's request. The Court agreed to both requests without conducting the proper analysis as it related to third degree joyriding being a lesser-included offense of theft.

---

[2] The State abandoned this charge prior to the first trial.

The defendant argued in his motion to the court that it was improper for the court to charge the jury with the third degree joyriding statute (*N.J.S.A.* 2C:20–10(c)) because that offense contains elements unrelated to theft involving the conduct of the driver and the manner of operation of the vehicle. The State responded by arguing, as it did at trial, that "joyriding" is an included offense under "theft" and that since the defendant requested the charge for fourth degree joyriding, the State was entitled to a charge of third degree under the same statute.

Both parties agree that the courts have not addressed the issue regarding third degree joyriding being a lesser-included offense of theft. Both parties also agree that in terms of whether the subject offense is an included offense can only be resolved by reconciling *N.J.S.A.* 2C:1–8d(1) with the fact that joyriding is a part of the Code's provisions relating to theft (*N.J.S.A.* 2C:20–1 *et seq.*) which are subject to the Code's provision for consolidation of offenses. *N.J.S.A.* 2C:20–2(a).

The process for determining whether the court correctly charged the jury with the law regarding third degree joyriding must begin by recognizing that the State and not the defendant requested the additional charge, even though the defendant requested that fourth degree joyriding be charged as a lesser-included offense of theft. *State v. Savage*, 172 *N.J.* 374, 396–97, 799 *A.*2d 477 (2002). Under these circumstances, the court is only authorized to charge an included offense, over a defendant's objection if it is authorized by *N.J.S.A.* 2C:1–8d. *State v. Brent*, 137 *N.J.* 107, 115–16, 644 *A.*2d 583 (1994). A trial court may instruct a jury on lesser-included offenses of the crime charged in the indictment on the prosecutor's request when there is a rationale basis for the charge and the defendant consents. *State v. Dixon*, 125 *N.J.* 223, 257–58, 593 *A.*2d 266 (1991). In the absence of defendant's consent, the submission to the jury of an offense that is not a lesser-included offense violates a defendant's state constitutional rights. *State v. Battle*, 256 *N.J.Super.* 268, 281, 606

A.2d 1119 (App.Div.1992), *cert. denied*, 130 *N.J.* 393, 614 A.2d 616 (1992).

Under the Code, an offense is included within the charged offense when it is established by proof of the same or less than all of the facts required to establish the commission of the offense charged, or it differs from the crime charged only through a lower degree of risk or injury or a lower degree or culpability. *N.J.S.A.* 2C:1–8d(1); *State v. Smith*, 136 *N.J.* 245, 249–50, 642 A.2d 978 (1994). This definition and its applicability to the requested charge is more significant to the court's determination as to whether it should grant the charge, where, as here, the request is made by the State. *State v. Brent*, 137 *N.J.* at 116–17, 644 A.2d 583. Where the State makes the request, there must be strict adherence to the definition of "included" under *N.J.S.A.* 2C:1–8d. *State v. Savage*, Supra at 397, 799 A.2d 477. The definition is less significant when the defendant makes the request. Under those circumstances, the court is obligated, in view of the defendant's interest, to examine the record thoroughly to determine if there is a rationale basis on which the jury could acquit the defendant of the greater charge and convict the defendant of the lesser. *N.J.S.A.* 2C:1–8(e); *State v. Savage*, Supra at 397, 799 A.2d 477.

As a general rule a criminal defendant may not be convicted for an offense not charged in the indictment. *State v. Dixon*, 125 *N.J.* at 257, 593 A.2d 266. Where a lesser-included offense, which does not merely grade the criminal act but has an element not contained in the indictment, is requested by the State the charge cannot be given without the defendant's consent. *State v. Dixon*, 125 *N.J.* at 258, 593 A.2d 266; and see, *State v. Pantusco*, 330 *N.J.Super.* 424, 446, 750 A.2d 107 (App.Div.2000). Thus, for example, because of the additional element of culpability (reckless conduct) reckless manslaughter should not be charged as a lesser-included offense to felony murder. *Ibid.*

Here, the court's decision to charge the fourth degree joy riding offense (at the defendant's request) should not have been a consideration in determining whether third degree joyriding

should be charged as a lesser-included offense of theft. Here, the court should have determined whether the requested charge of third degree joyriding required any additional proof by the State as compared to that required for establishing a theft.

As already noted, a lesser offense must be established by proof of the same or less than all of the facts required to establish the commission of the offense charged, or it must differ from the offense charged only in the respect that a *less* serious injury or risk of injury or a lesser kind or culpability suffices to establish its commission. *N.J.S.A.* 2C:1–8d. Thus, where an offense exposes on alleged victim or the public to a *greater* risk of harm than the charge contained in the indictment, it is not a lesser-included offense. *State v. Hunter,* 194 *N.J.Super.* 177, 476 *A.2d* 804 (App.Div.1984) [where the Grand Jury indicted the defendant for aggravated assault, allegedly for firing a shotgun at a police officer, and the defendant maintained that he was only throwing firecrackers, the defendant's conviction for recklessly creating a risk of widespread danger, *N.J.S.A.* 2C:17–2c, was reversed since the offense was not a lesser-included offense as it failed all three *N.J.S.A.* 2C:1–8d tests].

Here, additional proofs were required to establish third degree joyriding as compared to theft. The third degree joyriding statute provides that:

A person commits a crime of the third degree if, with purpose to withhold temporarily from the owner, he takes, operates or exercises control over a motor vehicle without the consent of the owner or other person authorized to give consent and operates the motor vehicle in a manner that creates a risk of injury to any person or a risk of damage to property.

[*N.J.S.A.* 2C:20–10c.]

Since the statute requires the State to prove, beyond reasonable doubt, that the defendant operated the subject motor vehicle in the manner prohibited by the statute, it cannot satisfy the requirements of *N.J.S.A.* 2C:1–8(d). Therefore, third degree joyriding cannot be considered a lesser-included offense of theft because it involves additional proofs relating to a greater risk of harm arising

not from the taking of the vehicle but, rather, its method of operation.

However, a person is guilty of theft if he violates *any* of the substantive sections of Chapter 20 of the Code. *N.J.S.A.* 2C: 20–1 to 22; *State v. Talley*, 94 *N.J.* 385, 390, 466 *A.2d* 78 (1983). The common unifying concept in all of the theft offenses consolidated by the Code is the involuntary transfer of property. *Ibid;* *N.J.S.A.* 2C:20–2a. The purpose of consolidation is to avoid procedural problems. It is designed to obviate the problem where a defendant concedes he misappropriated property, but that he accomplished that mission by means other than those alleged in the indictment. *State v. Medina*, 349 *N.J.Super.* 108, 126–27, 793 *A.2d* 68 (App.Div.2002).

Pursuant to the consolidation of offenses provisions of the Code under theft, the defendant, therefore, had notice that the charge of theft could be supported by evidence that it was committed in any manner that would be theft under Chapter 20, notwithstanding the specification of a different manner stated in the indictment or the fact that the offense may not be a lesser-included offense of theft. *Ibid.* Statutory consolidation covers all thefts that are linked together by the concept of the involuntary transfer of property. *State v. Talley*, 94 *N.J.* at 394, 466 *A.2d* 78. Statutory consolidation reaches all different methods of the involuntary transfer of property. *State v. Smith*, 136 *N.J.* at 252, 642 *A.2d* 978.

The mere fact that an offense may be within the parameters of the consolidation statute is not, however, dispositive in determining whether a judge should submit consideration of such offense to the jury. The analysis must be three-fold: (a) whether the offense is a lesser-included offense; (b) whether the offense is "embraced" by the indictment; or (c) whether the subject matter of the offense relates to the harm protected. *State v. Freeman*, 324 *N.J.Super.* 463, 470, 735 *A.2d* 1195 (App.Div. 1999).

By applying that analysis to third degree "joyriding", it is clear that it is not a consolidated offense. On the other hand, "joyriding" pursuant to *N.J.S.A.* 2C:20–10b and 10d are fourth degree crimes and lesser-included, "consolidated" offenses of theft since both relate solely to depriving the victim of his or her property. *State v. Alexander*, 215 *N.J.Super.* 522, 531, 522 *A.*2d 464 (App. Div.1987); *State v. Moore*, 330 *N.J.Super.* 535, 540, 750 *A.*2d 171 (App.Div.2000). Moreover, to establish "joyriding" under those subsections, it is sufficient to prove only that the defendant knew that neither the owner of the vehicle nor any authorized person consented to the taking of the vehicle. Id. at 544, 750 *A.*2d 171.

However, again, subsection "c"[3] of the joyriding statute requires proof of additional facts that establish the manner in which a defendant operated the vehicle, which are not related to the transfer of property. In order to convict the defendant of the third degree joyriding, the State must, again, adduce facts that prove that the defendant operated the vehicle in a manner that created a risk of injury to any person or a risk of damage to property. *N.J.S.A.* 2C:20–10c. Thus, while subsections "b" and "d", like theft of movable property, involve at most a financial loss, subsection "c" involves a risk of physical injury arising from the operation of a motor vehicle. *State v. Smith*, 136 *N.J.* at 251, 642 *A.*2d 978.

As a result, the court should not have charged third degree joyriding. Specifically that crime is not an included offense of theft; it is not "embraced" by the indictment since it involves activities unrelated to theft, involving a risk of harm or injury to persons; and, since the harm which it seeks to protect against related to the manner of operation of a motor vehicle and not only to the prevention of the involuntary transfer of property. Therefore, subsection "c" clearly cannot be considered a "consolidated" offense under the Code.

---

[3] Both parties concede that there are no reported decisions that address this subsection of the statute.

In summary, it is the court's opinion that third degree joyriding is not an included offense of theft. Further, the court believes that the offense is not subject to the consolidation provision of the Code. As a result, since the defendant did not consent to the charge, the court should not have instructed the jury as to third degree joyriding, even though there clearly existed facts in the evidence to support the charge. Therefore, in order for the court to have charged the jury with the law as to that offense, the defendant had to have consented or the indictment must have separately charged the defendant with committing that specific offense. As a result, the defendant's motion to vacate his conviction for third degree joyriding is granted.