184 N.J. Super. 167 (1982)
445 A.2d 446
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WAYNE TALLEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 30, 1982.
Decided April 23, 1982.
*168 Before Judges BOTTER, ANTELL and FURMAN.
Stanley C. Van Ness, Public Defender of New Jersey, for appellant (Monica R. Jacobson, Assistant Deputy Public Defender, of counsel and on the brief).
Irwin I. Kimmelman, Attorney General of New Jersey, for respondent (James R. Zazzali, former Attorney General of New Jersey; Catherine A. Foddai, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by ANTELL, J.A.D.
Defendant was indicted for armed robbery, N.J.S.A. 2C:15-1. The State's evidence at the trial consisted of testimony from Karl Coleman and Darryl Pratt that on July 18, 1980 they surrendered their wallets at gunpoint to defendant and an unidentified accomplice. Defendant denied this. His version of the incident was that he sold a quantity of herbal tea for $350 to Pratt and Coleman on the pretext that it was marijuana and that the robbery charge was lodged against him as an act of reprisal.
Over defendant's objection the jury was instructed that they might consider the crime of theft by deception, N.J.S.A. 2C:20-4(a), as a lesser included offense. By the jury's verdict defendant was acquitted of the robbery charge but convicted of theft by deception. He appeals, contending that theft by deception is not a lesser included offense within the crime of robbery and should not have been submitted for the jury's consideration.
N.J.S.A. 2C:1-8(d) authorizes conviction "of an offense included in an offense charged." This provision appears to be a codification of common law doctrine. See State v. Saulnier, 63 *169 N.J. 199, 205 (1973). So far as pertinent, it defines an included offense as one which "is established by proof of the same or less than all the facts required to establish the commission of the offense charged." Under N.J.S.A. 2C:15-1 robbery is committed when, in the course of committing a theft, a person uses or threatens the use of bodily harm. Theft by deception, N.J.S.A. 2C:20-4, occurs where one obtains the property of another by purposely creating a false impression. Thus, although both crimes have in common the element of an unlawful taking, theft by deception requires proof that the taking was accomplished by fraudulent means, an element which is not included among the elements of robbery. We conclude, therefore, that theft by deception is not a lesser included offense within the crime of robbery and accordingly that defendant was found guilty of an offense with which he had not been charged. See State v. Wein, 80 N.J. 491, 497 (1979); State v. Williamson, 54 N.J. Super. 170, 185-86 (App.Div.), aff'd 31 N.J. 16 (1959).
We have not overlooked the State's further argument that the trial judge might have charged the jury on simple theft under N.J.S.A. 2C:20-3(a), an offense clearly encompassed within robbery, and that since N.J.S.A. 2C:20-2(a), consolidating theft offenses, provides that a "charge of theft may be supported by evidence that it was committed in any manner that would be theft under this chapter, notwithstanding the specification of a different manner in the indictment or accusation," the charge should be dealt with as though the jury had been instructed on simple theft and not theft by deception. The answer to this is that regardless of what the trial judge might have done, the hypothesized charge was not in fact given, and in reviewing the proceedings below we will not conjecture about everything the trial judge might have said in the course of a charge different from the one which was actually delivered.
Reversed.