STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. WAYNE TALLEY, DEFENDANT-RESPONDENT.

Argued March 22, 1983—Decided October 17, 1983.

*Catherine A. Foddai,* Deputy Attorney General, argued the cause for appellant (*Irwin I. Kimmelman,* Attorney General of New Jersey, attorney).

*Donald T. Thelander,* Assistant Deputy Public Defender, argued the cause for respondent (*Joseph H. Rodriguez,* Public Defender, attorney).

The opinion of the Court was delivered by

CLIFFORD, J.

This appeal presents an important issue of first impression concerning the "consolidation of theft offenses" provision, *N.J. S.A.* 2C:20–2(a), of the Code of Criminal Justice (Code). Defendant was indicted for, *inter alia,* armed robbery, in violation of *N.J.S.A.* 2C:15–1. He was convicted of theft by deception, *N.J.S.A.* 2C:20–4 [1]. The grand jury had received no evidence of

---

[1] *N.J.S.A.* 2C:20–4 reads:

> A person is guilty of theft if he purposely obtains property of another by deception. A person deceives if he purposely:

deception, and deception is not a necessary ingredient of a robbery conviction. The question is whether despite the foregoing circumstances the "consolidation of theft offenses" provision operates to allow the conviction for theft by deception to stand when the indictment was for armed robbery.

The Appellate Division reversed defendant's conviction. *State v. Talley*, 184 *N.J.Super.* 167 (1982). That court held that theft by deception was not an included offense of robbery under *N.J.S.A.* 2C:1–8(d)(1), because "although both crimes have in common the element of an unlawful taking, theft by deception requires proof that the taking was accomplished by fraudulent means, an element which is not included among the elements of robbery." *Id.* at 169. The Appellate Division made only passing reference to the "consolidation of theft offenses" provision in the course of rejecting the State's argument that the court could enter a judgment of conviction for theft by unlawful taking, *N.J.S.A.* 2C:20–3, by molding the verdict to comport with the jury's finding of guilt.

We granted certification, 91 *N.J.* 558 (1982), and now reverse the judgment below and reinstate defendant's conviction, based upon the impact on the facts of this case of "consolidation of theft offenses" provision of the Code. Because the statutory language and legislative intent behind that provision support our conclusion that the conviction of theft by deception is permitted, we need not address the Appellant Division's refusal

---

a. Creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise; or

b. Prevents another from acquiring information which would affect his judgment of a transaction; or

c. Fails to correct a false impression which the deceiver previously created or reinforced, or which the deceiver knows to be influencing another to whom he stands in a fiduciary or confidential relationship.

The term "deceive" does not, however, include falsity as to matters having no pecuniary significance, or puffing or exaggeration by statements unlikely to deceive ordinary persons in the group addressed.

to mold the verdict and enter a judgment of conviction for theft by unlawful taking.

## I

Defendant was indicted for possession of a handgun without the requisite permit (*N.J.S.A.* 2C:39–5(b)), possession of a weapon for unlawful purpose (*N.J.S.A.* 2C:39–4(a)), and first degree robbery while armed (*N.J.S.A.* 2C:15–1). The indictment resulted from a complaint filed against defendant by Darryl Pratt and Carl Coleman. The substance of the complaint, as well as the victims' testimony at trial, was that defendant and an unidentified accomplice forced the victims, at gunpoint, to surrender their wallets to defendant and the accomplice. Defendant testified that he received "about $300" from Pratt and Coleman, but asserted that they voluntarily transferred the funds to him in the course of attempting to purchase one-half pound of marijuana. Defendant stated that he sold them a quantity of herbal tea "on the pretext that it was marijuana and that the robbery charge was lodged against him as an act of reprisal." 184 *N.J.Super.* at 168.

On the basis of defendant's own testimony, the trial court instructed the jurors that they could find defendant guilty of theft by deception. In doing so it charged them on the essential elements of that offense without, however, encumbering their deliberations with any legal theories of "included offenses" of robbery. The jury acquitted defendant of the charges specified in the indictment but concluded he was guilty of theft by deception.

## II

Under *N.J.S.A.* 2C:15–1(a), a person is guilty of robbery if, in the course of committing a theft, he:

(1) Inflicts bodily injury or uses force upon another; or

(2) Threatens another with or purposely puts him in fear of immediate bodily injury; or

(3) Commits or threatens immediately to commit any crime of the first or second degree.

A person is guilty of theft if he violates any of the substantive sections of Chapter 20 of the Code, *N.J.S.A.* 2C:20–1 to –22. One of those substantive provisions, *N.J.S.A.* 2C:20–4, defines theft by deception. See *supra* at 387 n. 1. The State relies on the plain language of the "theft by deception" and "consolidation" statutes for its contention that *any* theft will support a robbery conviction if the other elements of robbery set forth in *N.J.S.A.* 2C:15–1 are present. Defendant, on the other hand, argues that because theft by deception includes an element that is not an element of robbery, *i.e.,* the "fraudulent taking" relied on by the Appellate Division, the only "theft" that can serve as a basis for a robbery conviction is theft by unlawful taking, *N.J.S.A.* 2C:20–3. Defendant's position, however, fails to take into account the "consolidation of theft offenses" provision, *N.J.S.A.* 2C:20–2(a).

Under the prior law crimes against property were distinct, and a defendant charged with one theft offense could not be convicted of another. *See, e.g., State v. Harrison,* 149 *N.J.Super.* 220 (App.Div.), certif. den., 75 *N.J.* 525 (1977). When the Legislature adopted the Code, however, it incorporated into the statutory scheme a significant change that is relevant to this controversy. The Legislature consolidated all theft offenses under *N.J.S.A.* 2C:20–2(a), which reads as follows:

> *Conduct denominated theft in this chapter constitutes a single offense,* but each episode or transaction may be the subject of a separate prosecution and conviction. *A charge of theft may be supported by evidence that it was committed in any manner that would be theft under this chapter, notwithstanding the specification of a different manner in the indictment or accusation,* subject only to the power of the court to ensure fair trial by granting a bill of particulars, discovery, a continuance, or other appropriate relief where the conduct of the defense would be prejudiced by lack of fair notice or by surprise. [Emphasis added.]

As stated in the commentary to the Code, "[t]he common unifying conception in all these [offenses] is the 'involuntary transfer of property'; the actor appropriates property of the victim without his consent or with consent obtained by fraud or coer-

cion." *Final Report of the New Jersey Criminal Law Revision Commission, vol. II: Commentary* (1971), § 2C:20–2 at 216. The commentary to the Model Penal Code, after which the Criminal Code was modeled, discussed the consolidation concept as follows:

> Nevertheless, consolidation cannot eliminate the necessity for careful drafting, nor can it avoid the necessity for a properly specific delineation of the various types of property deprivations that should be punished by the criminal law.
>
>      \*       \*       \*       \*       \*       \*       \*       \*
>
>     The purpose of consolidation, therefore, is not to avoid the need to confront substantive difficulties in the definition of theft offenses. The appropriate objective is to avoid procedural problems. Even a consolidated offense \* \* \* will retain distinctions among methods of acquisition and appropriation. The real problem arises from a defendant's claim that he did not misappropriate the property by the means alleged but *in fact misappropriated the property by some other means* and from the combination of such a claim with the procedural rule that a defendant who is charged with one offense cannot be convicted by proving another. [II *Model Penal Code* § 223.1 comment (2)(b) at 132, 133 (Rev'd Comments 1980) (emphasis added).]

From the commentaries, it is evident that defendant's conduct is precisely the type that the new statute was meant to reach. He is attempting to defeat one charge by arguing that he committed a different criminal offense—that in fact he misappropriated the property by some means other than the kind of theft contemplated by the indictment. In concluding that this is the very vice at which the "consolidation" statute is directed, we do not lose sight of the need for maintaining careful drafting of criminal complaints and indictments. We recognize, however, that in cases such as this exquisite precision is not entirely attainable. Nonetheless, we are not left with any sense of injustice under the circumstances revealed by this record. Defendant was in no way shortchanged.

■ Significant in this regard is the absence of any surprise. Surely defendant cannot claim surprise or prejudice in having to defend against the charge of theft by deception, since it was his own testimony that alerted the court to the possibility of such an offense. Defendant admitted defrauding Coleman of "about.

$300." His defense to the serious charges in the indictment was an acknowledgement of guilt of a fourth degree offense.

■ However, even if defendant had asserted a valid claim of prejudice when it became apparent that he faced exposure to a conviction for theft by deception, he could not successfully attack the statute, because it prescribes certain protections that remedy any notice problems. In accordance with the statute and court rules, the court has the power to amend the indictment or to grant a bill of particulars, discovery, a continuance, or other appropriate relief to ensure a fair trial. See *N.J.S.A.* 2C:20–2; *R.* 3:7–4; *R.* 3:7–5. Resort to these devices was unnecessary in this case, of course, inasmuch as all the inculpatory evidence on theft by deception came from the mouth of defendant himself.

## III

Finally, defendant seeks to support the Appellate Division's reversal of his conviction on constitutional grounds. He argues that inasmuch as the grand jury that indicted him never had before it any evidence of theft by deception, a conviction for that offense cannot stand in the face of New Jersey's constitutional provision that "[n]o person shall be held to answer for a criminal offense, unless on the presentment or indictment to a grand jury * * *." *N.J. Const.* (1947) Art. I, ¶ 8.

■ It is fundamental that an indictment charging a defendant with the commission of a crime must identify and explain the criminal offense so that the accused may prepare an adequate defense. *State v. Wein,* 80 *N.J.* 491, 497 (1979). However, that principle is not rigid in its application; it is sufficiently flexible, for instance, to accommodate the common law doctrine that a defendant may be found guilty of a lesser offense included in the greater offense charged in the indictment. *See State v. Saulnier,* 63 *N.J.* 199 (1973).

Despite the adaptability of this principle, the offense of theft by deception is not an "included offense," as defined by the Code[2], of robbery. Theft by deception contains the element of fraudulent taking, not required for a robbery conviction. See *N.J.S.A.* 2C:1–8(d)(1). Its difference is therefore not "*only* in the respect that [it involves] a less serious injury or risk of injury" than robbery (*N.J.S.A.* 2C:1–8(d)(3) (emphasis added)). However, in this case we nevertheless are satisfied that the Constitution is not offended and the defendant suffers no prejudice where, as here, the conviction is for an offense that in legal contemplation is embraced by the robbery indictment when read in the light of the "consolidation of theft offenses" provision.

Robbery is an unlawful taking by force. See *N.J.S.A.* 2C:15–1, *supra* at 389–390. Theft is an unlawful taking that may occur with or without force. See *N.J.S.A.* 2C:20–1 to –22. By virtue of the "consolidation" provision of *N.J.S.A.* 2C:20–2(a), a defendant charged with robbery is now on notice that *any* conduct denominated as theft is within the four corners of a robbery indictment. The specific kind of theft need not have been considered by the grand jury, although we strongly suggest that in any case involving robbery, the grand jury be made aware of how the "consolidation" provision may affect the prosecution of the case. That the grand jury was not so informed in this case is of no moment in view of the most

---

[2]*N.J.S.A.* 2C:1–8(d) reads:

A defendant may be convicted of an offense included in an offense charged whether or not the included offense is an indictable offense. An offense is so included when:

(1) It is established by proof of the same or less than all of the facts required to establish the commission of the offense charged; or

(2) It consists of an attempted conspiracy to commit the offense charged or to commit an offense otherwise included therein; or

(3) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest or a lesser kind of culpability suffices to establish its commission.

unusual manner in which the theft by deception came to light—from the defendant himself.

With all its manifold advantages, the adversary.system cannot be permitted to deteriorate into a mere game in which defendant brazenly manifests his contempt for the system by openly admitting his guilt of an offense and then seeking exoneration on the basis of some arcane notion of pleading. We repeat: this defendant was surely entitled to know the nature of the charges against him. The indictment accused him with having robbed Pratt and Coleman on July 18, 1980 in Atlantic City. Defendant was thereby informed that he was alleged to have committed a theft on that date, and the mere fact that the theft was accomplished by deception rather than by force hardly can be said to render the indictment insufficient to encompass defendant's conduct or to make it constitutionally defective.

A final factor that makes its way into the equation is the State's interest in protecting its citizens. As Chief Justice Wilentz recently observed in *State v. Powell*, 84 *N.J.* 305 (1980):

> There is a third party involved (represented by the jury): the State itself, on behalf of its citizens. Their interest is paramount, even more important than preserving the "purity" of the adversary system * * *. [W]here the facts on the record would justify a conviction of a certain charge, the people of this State are entitled to have that charge rendered to the jury, and no one's strategy, or assumed (even real) advantage can take precedence over that public interest. * * The judge is more than a referee between contestants. He is the law's representative, and it is his duty to see that the will of the law is done. The real function of the adversary system is to help him fulfill that duty. [*Id.* at 319.]

## IV

In summary, we hold that the Legislature intended *N.J.S.A.* 2C:20–2(a) to reach all types of theft, linked together by the concept of the "involuntary transfer of property." In addition, that section provides defendants with safeguards that protect against any prejudice caused by surprise. Finally, we hold that theft by deception is embraced by an indictment for armed robbery, by operation of the "consolidation of theft offenses" provision.

The judgment of the Appellate Division is reversed and the judgment of conviction is hereby reinstated.

*For reversal*—Chief Justice WILENTZ and Justices CLIFFORD, SCHREIBER, HANDLER, POLLOCK, O'HERN and GARIBALDI—7.

*For affirmance*—None.