194 N.J. Super. 231 (1984)
476 A.2d 833
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
JAMES PHILLIP BENNETT, JOHN MARFOGLIO, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 18, 1984.
Decided June 13, 1984.
*232 Before Judges MATTHEWS, J.H. COLEMAN and GAULKIN.
*233 Stewart D. Warren, Deputy Attorney General, argued the cause for appellant (Irwin I. Kimmelman, Attorney General of New Jersey, attorney; Stephen J. Resnick, Deputy Attorney General, of counsel, and on the brief).
Andrew M. Zapic argued the cause for respondent, John Marfoglio (Ronald S. Gasiorowski, attorney).
The opinion of the court was delivered by COLEMAN, J.H., J.A.D.
Defendant, John Marfoglio, and eight codefendants were charged in a 73 count indictment with various criminal acts stemming from a "credit scam" operation at certain Atlantic City casinos. Specifically, defendant was charged in Count 1 with conspiracy to commit theft by deception, forgery, uttering and theft by extortion contrary to N.J.S.A. 2C:5-2; and in Counts 25, 26 and 27 with theft by deception in violation of N.J.S.A. 2C:20-4. Defendant made a pretrial motion pursuant to R. 3:10-2 to dismiss various counts of the indictment. The trial judge granted the motion and dismissed all counts against defendant on the grounds that there was "no testimony [before the grand jury] adequate to support an indictment...." The State now appeals, contending that the evidence presented to the grand jury was sufficient to establish a prima facie case against defendant. For the reasons which follow, we reverse the dismissal of the conspiracy charge and affirm the dismissal of the theft charges.
A motion to dismiss an indictment is addressed to the sound discretion of the court, State v. New Jersey Trade Waste Ass'n, 96 N.J. 8, 18-19 (1984); State v. Weleck, 10 N.J. 355, 364 (1952); State v. Hill, 166 N.J. Super. 224, 228-229 (Law Div. 1978), rev'd on other grounds, 170 N.J. Super. 485 (App.Div. 1979). Such discretion should not be exercised except on "the clearest and plainest ground." State v. Weleck, supra at 364. However, even though an indictment is presumed valid, "a *234 defendant with substantial grounds for having an indictment dismissed should not be compelled to go to trial to prove the insufficiency." State v. Hill, supra at 229 (quoting State v. Graziani, 60 N.J. Super. 1, 22 (App.Div. 1959), aff'd, 31 N.J. 538 (1960)).
It is well-established that an indictment cannot stand if it fails to charge an offense. State v. Wein, 80 N.J. 491, 497 (1979); State v. Newell, 152 N.J. Super. 460, 466-467 (App.Div. 1977). Examination of Count 1 of the indictment against defendant indicates that all elements of the conspiracy charge were clearly alleged. Thus on its face, the indictment appears to have charged defendant sufficiently as to "all of the critical facts and each of the essential elements which constitute the offense alleged." State v. Wein, supra at 497.
But even if an indictment appears sufficient on its face, it cannot stand if the State fails to present the grand jury with at least "some evidence" as to each element of a prima facie case. State v. Donovan, 129 N.J.L. 478, 483 (Sup.Ct. 1943); State v. Hill, supra at 228-229. Here, the trial court ruled that "the proofs submitted to the court [sic] by the Attorney General are inadequate to support the return of a true bill...."
Our review of the evidence presented to the grand jury reveals that the State presented at least "some evidence" as to each element of the conspiracy offense. State v. Donovan, supra at 483. "[T]he quantum of evidence required as to each element is not great." State v. Hill, supra at 229. Here, the coconspirators' testimony before the grand jury prima facially established (1) a criminal purpose, (2) an agreement, and (3) an overt act by one or more of the conspirators. N.J.S.A. 2C:5-2; State v. Newell, supra, at 466. A taped telephone conversation between defendant and a coconspirator contained further evidence of the existence of a conspiratorial agreement. We are *235 therefore persuaded that the trial judge abused his discretion when he dismissed the conspiracy charges.
The State further argues that the trial judge erred when he dismissed the theft by deception charges. These charges required the State to present to the grand jury some evidence that defendant purposefully obtained property from the Caesar's Boardwalk Regency Casino and that defendant purposely created or reinforced a false impression in order to obtain that property. N.J.S.A. 2C:20-4. As to the first element, it is undisputed that defendant received credit from Caesar's Boardwalk Regency Casino, and that credit markers which he signed were later returned unpaid by defendant's bank due to insufficient funds. The markers were used to obtain gambling chips from Caesar's.
We are not convinced, however, that defendant's failure to repay the credit extended to him amounts to theft by deception. Contrary to the allegations in the indictment, defendant did not deceive the casino as to his bank balance or prospective ability to repay the credit extended to him. His credit application clearly disclosed that he had a bank balance of $150. This balance was confirmed by the casino's own credit check. In the face of defendant's minimal resources, the casino nevertheless extended credit to him. The fact that defendant failed to repay $11,000 to Caesar's Boardwalk Regency Casino was the result of poor credit policy rather than any deception on defendant's part.
Additionally, on the theft charges the State's theory before the grand jury was that defendant deceived Caesar's regarding his ability to repay loans or credit. Detective Austin of the New Jersey State Police explained the State's theory that credit from a casino is "like a loan from a bank ... the casino makes the decision based upon your checking account, your type of employment, what line of credit you want." Support for this theory is found in Resorts Internat'l Hotel, Inc. v. Salomone, *236 178 N.J. Super. 598, 606 (App.Div. 1981) (characterizing credit extended by casinos as a "loan"); N.J.S.A. 5:12-101.
Based on this theory of wrongdoing, the grand jury indicted defendant under Counts 25, 26 and 27. The State cannot now be permitted to postulate alternate theories of the case in an effort to uphold an indictment that is manifestly deficient. To hold otherwise would put defendant on trial "for criminal acts not within the contemplation of the grand jury...." State v. Wein, 80 N.J. at 501. One important function of the grand jury is to protect an accused from prosecutorial overreaching. Only the grand jury, not the prosecutor, can charge a defendant with a crime. We do not read State v. Talley, 94 N.J. 385 (1983) as compelling a contrary conclusion.
This is a case of the casino attempting to use the criminal justice system to facilitate its collection of a bad debt. Civil remedies are available to the casino, like other creditors, against a debtor who fails to repay a loan extended in the form of gambling chips. Resorts Internat'l Hotel, Inc. v. Salomone, supra at 600. An extension of credit to defendant who disclosed his present inability to repay does not convert defendant's failure to repay into a violation of N.J.S.A. 2C:20-4. A casino simply cannot be permitted to use the criminal justice system to supplement its civil remedies to collect bad debts resulting from credit extended to individuals who are obviously without the means to repay. Absent any evidence of deception on the part of defendant regarding his bank balance or ability to repay the loans, we find that there was insufficient evidence presented to the grand jury to support the return of an indictment charging defendant with theft by deception.
Accordingly, the trial court's dismissal of Counts 25, 26 and 27 of Indictment SGJ100-82-1 is affirmed. The dismissal of Count 1 of said indictment is reversed. The matter is remanded to the Law Division for disposition. We do not retain jurisdiction.