NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3025-14T4

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

JARRET J. HOUSTON a/k/a
JARRETT J. HOUSTON,

 Defendant-Appellant.

____________________________

 Submitted March 15, 2017 – Decided July 21, 2017

 Before Judges Carroll and Gooden Brown.

 On appeal from the Superior Court of New
 Jersey, Law Division, Burlington County,
 Indictment No. 10-06-0653.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Abby P. Schwartz, Designated
 Counsel, on the brief).

 Robert D. Bernardi, Burlington County
 Prosecutor, attorney for respondent (Jennifer
 Paszkiewicz, Assistant Prosecutor, of
 counsel; Boris Moczula, Legal Assistant, on
 the brief).

PER CURIAM
 Defendant appeals from the January 28, 2015 order denying his

petition for post-conviction relief (PCR) without an evidentiary

hearing. We affirm.

 On April 25, 2011, defendant pled guilty to count one of

Burlington County Indictment No. 10-06-0653, charging second-

degree robbery, N.J.S.A. 2C:15-1(a)(1). In exchange, the State

recommended dismissal of the remaining two counts of the

indictment1 and that defendant be sentenced in the third-degree

range, N.J.S.A. 2C:44-1(f)(2), to a term of three years

imprisonment subject to the No Early Release Act (NERA), N.J.S.A.

2C:43-7.2.

 The charge stemmed from defendant, an admitted drug dealer,

concocting a scheme in which he and a co-defendant would sell fake

crack cocaine in order to recover money they were owed from prior

drug sales. During the pre-arranged transaction, defendant

assaulted one of the two buyers once he realized they paid less

money for the counterfeit drugs than had been agreed. At his plea

allocution, defendant admitted that "in the course of committing

a theft," he "purposely and knowingly" "inflicted bodily injury"

on the victim "which resulted in her hospitalization[.]" After

determining that there was an adequate factual basis for the plea

1
 Each of the remaining two counts charged third-degree aggravated
assault, N.J.S.A. 2C:12-1(b)(7).

 2 A-3025-14T4
"and that the plea [was] made voluntarily, not as a result of any

threats or of any promises or inducements not disclosed on the

record, and with an understanding of the nature of the charge and

the consequences of the plea[,]" R. 3:9-2, the court accepted

defendant's guilty plea.

 Prior to sentencing, defendant notified his attorney in

writing that he wanted to withdraw his guilty plea because he felt

he "had inadequate [counsel]" who was not "prepared for trial."

After consulting with his supervisor who agreed that there was "no

legal basis" for a withdrawal motion, defendant's attorney

notified defendant in writing that

 [t]here is no legal or factual basis for
 filing the [m]otion to [v]acate the [g]uilty
 [p]lea so I will not be filing that motion.

 You will recall you were under oath when you
 gave answers to the [c]ourt[']s questions.
 You also indicated that you understood that
 once the plea was entered you could not change
 your mind. You also indicated that you were
 entering the plea freely and voluntarily and
 with full knowledge of the results of the
 plea.

 On July 8, 2011, when defendant appeared for sentencing, his

attorney advised the court "[w]hen we were here the last time my

client was thinking about filing a motion to vacate. He's not

going to do that." When the court gave defendant an opportunity

to speak at sentencing, he declined. Thereafter, defendant was

 3 A-3025-14T4
sentenced in accordance with the terms of the plea agreement.

Defendant appealed his sentence, which we considered on our

Excessive Sentence Oral Argument (ESOA) calendar pursuant to Rule

2:9-11, and affirmed. State v. Houston, No. A-3047-11 (App. Div.

Sept. 27, 2012).

 Defendant filed a timely PCR petition, and was assigned

counsel who submitted a brief supported by defendant's four-page

certification dated July 28, 2014. Defendant argued to the PCR

court that his attorney was ineffective for (1) allowing him to

plead guilty to second-degree robbery because the facts and

evidence do not support a conviction for that offense; and (2)

failing to file a motion to withdraw his guilty plea because the

factual basis for the plea was legally inadequate to constitute

second-degree robbery.

 In his certification, defendant admitted that while he led

the victim "to believe that [he and his co-defendant] were going

to sell them drugs[,]" he planned "to sell [her] fake drugs in

order to try and get the money [he] was owed." According to

defendant, "[t]he fake drugs were soap shavings which look[ed]

like crack cocaine." Defendant certified that when he realized

that the money paid "was not the agreed upon amount for the

deal[,]" he "confronted" the victim, "[t]he situation quickly

 4 A-3025-14T4
escalated and the [victim was] assaulted." Defendant denied that

he or his co-defendant took any money after the assault.2

 Defendant certified that he wished to withdraw his guilty

plea because he did not "steal anything" from the victim and he

"did not rob" the victim but was pressured to plead guilty to

robbery by his family and his attorney, who explained that he "was

facing a very long prison sentence if [he] was convicted at trial."

According to defendant, at sentencing, when his attorney refuse[d]

"to ask the court to withdraw [his] guilty plea[,] [he] did not

feel like there was anything else [he] could do." Defendant also

certified that neither his attorney nor the court explained "all

of the conditions of mandatory supervision after release from

custody" and "[h]ad [he] been aware of all of the conditions that

went along with mandatory supervision, [he] would not have accepted

the plea."

 The court determined that defendant failed to establish a

prima facie case of ineffectiveness and was therefore not entitled

to an evidentiary hearing. Specifically, the court determined

that defendant "entered into his plea agreement with knowledge of

the terms, freely, and was not under the influence of any substance

2
 In an incriminating statement to police during a custodial
interrogation, defendant admitted that the buyers gave his co-
defendant $25 for the "beat bags" prior to the assault.

 5 A-3025-14T4
or pressure when he plead." Further, according to the court,

defendant's factual basis adequately supported the second-degree

robbery conviction because defendant "admitted that he inflicted

serious bodily injury on one of the victims in an attempt to

receive money from her." The court determined further that "it

was within the attorney's discretion not to file a motion to

withdraw [defendant's] guilty [plea]" since there was no legal

basis for such a motion.

 In addition, treating defendant's PCR petition as a belated

motion to withdraw his guilty plea, the court determined that

there was no basis for relief under State v. Slater, 198 N.J. 145

(2009). The court concluded that defendant had no colorable claim

of innocence, and received a favorable plea bargain and the lowest

legal sentence he could have received for the offense charged.

Further, the court noted that considering the age of the case,

allowing defendant to withdraw from his guilty plea would hamper

the State's ability to effectively prosecute the case.

 This appeal followed. On appeal, defendant raises the

following points for our consideration:

 POINT I

 COUNSEL'S FAILURE TO FILE A MOTION TO WITHDRAW
 [DEFENDANT'S] GUILTY PLEA WITHOUT ANY
 DISCUSSION WITH [DEFENDANT], WAS INEFFECTIVE
 ASSISTANCE OF COUNSEL, IN VIOLATION OF

 6 A-3025-14T4
 [DEFENDANT'S] RIGHTS TO A FAIR TRIAL AND TO
 DUE PROCESS.

 POINT II

 [DEFENDANT] SHOULD BE PERMITTED TO WITHDRAW
 HIS GUILTY PLEA . . . IN COMPLIANCE WITH HIS
 RIGHTS TO A FAIR TRIAL AND DUE PROCESS.

 We review the PCR court's findings of fact under a clear

error standard, and conclusions of law under a de novo standard.

See State v. Harris, 181 N.J. 391, 420-21 (2004), cert. denied,

545 U.S. 1145, 125 S. Ct. 2973, 162 L. Ed. 2d 898 (2005). Where

the PCR court's findings of fact are based on "live witness

testimony" we review such findings to determine whether they are

supported by sufficient credible evidence in the record. State

v. Nash, 212 N.J. 518, 540 (2013). However, where, as in this

case, "no evidentiary hearing has been held, we 'may exercise de

novo review over the factual inferences drawn from the documentary

record by the [PCR judge].'" State v. Reevey, 417 N.J. Super.

134, 146-47 (App. Div. 2010) (quoting Harris, supra, 181 N.J. at

421), certif. denied, 206 N.J. 64 (2011). While "[a]ssessing

[ineffective assistance of counsel] claims involves matters of

fact, . . . the ultimate determination is one of law[.]" Harris,

supra, 181 N.J. at 419.

 Defendant argues that the PCR court erred in denying his PCR

petition and an evidentiary hearing on his claims of ineffective

 7 A-3025-14T4
assistance of trial counsel. Defendant contends that his attorney

was ineffective because he dismissed defendant's request to

withdraw his guilty plea without any input from defendant.

Defendant argues further that once he communicated his displeasure

with his attorney's performance and his belief that he was

pressured to accept the plea offer, "a conflict of interest arose"

and a new attorney "should have been assigned" to file a motion

to withdraw his guilty plea. According to defendant, he was

prejudiced by counsel's deficient performance because "had the

motion been filed, there is more than a slight chance that it

would have been granted" and "[t]hen he could have plead guilty

to the assault which he indicated that he had committed or if

there was no such offer, gone to trial on the charge of robbery."

In the alternative, defendant asserts that this matter "should be

remanded for a hearing on the four factors of Slater." We

disagree.

 The mere raising of a claim for PCR does not entitle the

defendant to an evidentiary hearing. State v. Cummings, 321 N.J.

Super. 154, 170 (App. Div.), certif. denied, 162 N.J. 199 (1999).

Rather, trial courts should grant evidentiary hearings only if the

defendant has presented a prima facie claim of ineffective

assistance, material issues of disputed fact lie outside the

record, and resolution of the issues necessitate a hearing. R.

 8 A-3025-14T4
3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013), cert.

denied, 228 N.J. 502 (2017). "Rule 3:22-10 recognizes judicial

discretion to conduct such hearings." State v. Preciose, 129 N.J.

451, 462 (1992).

 A PCR court deciding whether to grant an evidentiary hearing

"should view the facts in the light most favorable to a defendant

to determine whether a defendant has established a prima facie

claim." Id. at 462-63. "To establish a prima facie claim of

ineffective assistance of counsel, a defendant must demonstrate

the reasonable likelihood of succeeding under the test set forth

in [Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052,

2068, 80 L. Ed. 2d 674, 698 (1984)], and United States v. Cronic,

466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984), which [our

Supreme Court] adopted in State v. Fritz, 105 N.J. 42, 58 (1987)."

Id. at 463.

 Under the Strickland standard, a defendant must make a two-

part showing. A defendant must show that trial counsel's

performance was both deficient and prejudicial. State v. Martini,

160 N.J. 248, 264 (1999). The performance of counsel is

"deficient" if it falls "below an objective standard of

reasonableness" measured by "prevailing professional norms."

Strickland, supra, 466 U.S. at 687-88, 104 S. Ct. at 2064-65, 80

L. Ed. 2d at 693-94. This standard of "reasonable competence,"

 9 A-3025-14T4
Fritz, supra, 105 N.J. at 60, "does not require the best of

attorneys[.]" State v. Davis, 116 N.J. 341, 351 (1989).

 A defendant must also show that the deficient performance

prejudiced the defense. Under this prong, to set aside a guilty

plea based on ineffective assistance of counsel, defendant must

establish "that there is a reasonable probability that, but for

counsel's errors, [the defendant] would not have pled guilty and

would have insisted on going to trial." State v. DiFrisco, 137

N.J. 434, 457 (1994) (quoting Hill v. Lockhart, 474 U.S. 52, 59,

106 S. Ct. 366, 370, 88 L. Ed. 2d 203, 210 (1985)), cert. denied,

516 U.S. 1129, 116 S. Ct. 949, 133 L. Ed. 2d 873 (1996). However,

to obtain relief, a defendant "'must convince the court that a

decision to reject the plea bargain would have been rational under

the circumstances.'" State v. O'Donnell, 435 N.J. Super. 351, 371

(App. Div. 2014) (quoting Padilla v. Kentucky, 559 U.S. 356, 372,

130 S. Ct. 1473, 1485, 176 L. Ed. 2d 284, 297 (2010)).

 "Unless a defendant makes both showings, it cannot be said

that the conviction . . . resulted from a breakdown in the

adversary process that renders the result unreliable." Fritz,

supra, 105 N.J. at 52 (quoting Strickland, supra, 466 U.S. at 687,

104 S. Ct. at 2064, 80 L. Ed. 2d at 693). Defendant bears the

burden of proving both prongs of an ineffective assistance of

counsel claim by a preponderance of the evidence. State v. Gaitan,

 10 A-3025-14T4
209 N.J. 339, 350 (2012), cert. denied, ___ U.S. ___, 133 S. Ct.

1454, 185 L. Ed. 2d 361 (2013).

 Where a defendant asserts his or her attorney was ineffective

for failing to file a motion, he or she must establish that the

motion would have been successful. "It is not ineffective

assistance of counsel for defense counsel not to file a meritless

motion[.]" State v. O'Neal, 190 N.J. 601, 619 (2007). We

acknowledge that the better course would have been for plea counsel

to withdraw, and for new counsel to have been retained or appointed

to evaluate and, if appropriate, advocate for defendant's motion

to withdraw his guilty plea. The failure to implement such a

procedure can result in prejudice to a defendant. See State v.

Barlow, 419 N.J. Super. 527, 535 (App. Div. 2011) (noting that

R.P.C. 1.2(a) implicitly requires "that counsel abide by a client's

determination, after a plea of guilty has been entered, to seek

its withdrawal."). Nonetheless, under the particular facts of

this case, we are satisfied that plea counsel's failure to file a

motion to withdraw defendant's guilty plea, which is the gravamen

of defendant's contention, did not result in any prejudice to

defendant under the second prong of Strickland.

 In all plea withdrawal cases, whether evaluated under the

"interests of justice" standard of Rule 3:9-3(e), or the "correct

a manifest injustice" standard of Rule 3:21-1, "'the burden rests

 11 A-3025-14T4
on the defendant, in the first instance, to present some plausible

basis for his request, and his good faith in asserting a defense

on the merits.'" Slater, supra, 198 N.J. at 156 (quoting State

v. Smullen, 118 N.J. 408, 416 (1990)). "Generally, representations

made by a defendant at plea hearings concerning the voluntariness

of the decision to plead, as well as any findings made by the

trial court when accepting the plea, constitute a 'formidable

barrier' which defendant must overcome before he will be allowed

to withdraw his plea." State v. Simon, 161 N.J. 416, 444 (1999)

(quoting Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621,

1629, 52 L. Ed. 2d 136, 147 (1977)).

 A trial court must consider and balance four factors when

evaluating a motion to withdraw a guilty plea: "(1) whether the

defendant has asserted a colorable claim of innocence; (2) the

nature and strength of defendant's reasons for withdrawal; (3) the

existence of a plea bargain; and (4) whether withdrawal would

result in unfair prejudice to the State or unfair advantage to the

accused." State v. Munroe, 210 N.J. 429, 442 (2012) (quoting

Slater, supra, 198 N.J. at 157-58). "No single Slater factor is

dispositive; 'if one is missing, that does not automatically

disqualify or dictate relief.'" State v. McDonald, 211 N.J. 4,

16-17 (2012) (quoting Slater, supra, 198 N.J. at 162).

 12 A-3025-14T4
 While we are certainly cognizant of all the Slater factors,

importantly, defendant has not asserted a colorable claim of

innocence. Rather, in his July 28, 2014 certification and his

earlier confession to law enforcement, he admits assaulting the

victim in the course of committing what amounts to a theft by

deception. Such conduct bespeaks the very conduct that supports

a second-degree robbery conviction and does not thereby establish

a "colorable claim of innocence[.]" Slater, supra, 198 N.J. at

158.

 Under N.J.S.A. 2C:15-1, "[a] person is guilty of robbery if,

in the course of committing a theft, he . . . inflicts bodily

injury or uses force upon another[.]" N.J.S.A. 2C:15-1(a)(1).

"An act shall be deemed to be included in the phrase 'in the course

of committing a theft' if it occurs in an attempt to commit theft

or in immediate flight after the attempt or commission." N.J.S.A.

2C:15-1(a). "A person is guilty of theft if he violates any of

the substantive sections of Chapter 20 of the Code, N.J.S.A. 2C:20-

1 to -22. One of those substantive provisions, N.J.S.A. 2C:20-4,

defines theft by deception." State v. Talley, 94 N.J. 385, 390

(1983).

 Under N.J.S.A. 2C:20-4, "[a] person is guilty of theft if he

purposely obtains property of another by deception. A person

deceives if he purposely . . . [c]reates or reinforces a false

 13 A-3025-14T4
impression . . . as to law, value, intention or other state of

mind[.]" N.J.S.A. 2C:20-4(a). In Talley, supra, 94 N.J. at 393,

our Supreme Court determined that "any conduct denominated as

theft is within the four corners of a robbery indictment." Here,

the mere fact that the theft was accomplished by deception rather

than an unlawful taking, as contemplated in N.J.S.A. 2C:20-3(a),

does not relieve defendant of culpability for robbery. Cf. Talley,

supra (holding that a defendant indicted for armed robbery could

be convicted of theft by deception predicated on the victims'

account that defendant forced them at gunpoint to surrender their

wallets, but defendant testified at trial that he sold the victims

herbal tea instead of marijuana).

 Applying these principles, we are persuaded that the PCR

court properly declined to conduct an evidentiary hearing and

properly denied defendant's petition for PCR. We further conclude

that the PCR court "correctly viewed defendant's application as

both a motion to withdraw [his] plea, and a petition for PCR based

on ineffective assistance of counsel." O'Donnell, supra, 435 N.J.

Super. at 368. Therefore, we discern no abuse of discretion in

the PCR court's denial of defendant's motion to withdraw his guilty

plea.

 Affirmed.

 14 A-3025-14T4