MOYNIHAN, J.S.C. (temporarily assigned).
*345 Defendant John Gorman appeals from an order denying his motion to withdraw a guilty plea he entered to second-degree theft by deception, N.J.S.A. 2C:20-4,[1] arguing:
POINT I
THERE WAS AN INADEQUATE FACTUAL BASIS FOR THE CRIME OF THEFT BY DECEPTION, THEREFORE DEFENDANT'S PLEA MUST BE VACATED.
*346 We agree that defendant's plea allocution did not establish a factual basis for each element of the charged crime because defendant did not admit he obtained the victim's money by deception. The plea judge's reliance on the theft consolidation statute, N.J.S.A. 2C:20-2(a), to accept defendant's *904 factual basis for a different form of theft was misplaced as that statute applies only in trial settings-not to plea proceedings. We therefore reverse.
I
From the plea colloquy we glean that from November 1, 2008 through July 31, 2010, defendant accepted money from sixteen individuals for whom he was supposed to purchase New York Giants game tickets. Elicitation of the factual basis continued:
[Defense Counsel:] Okay. And their understanding was that in exchange for the money, that you would-you had available to you tickets. Correct?
[Defendant:] Yes.
[Defense Counsel:] When, in fact, you did not have the tickets. Is that right?
[Defendant:] No.
[Defense Counsel:] So, so their understanding was with the money then you would give them the tickets but, in fact, that was not what you had done. Is that right?
[Defendant:] Yes.
[Defense Counsel:] Okay. And you knew you weren't going to be able to do that. Is that right?
There came a point when you knew that that was something you weren't going to be able to accomplish. Right?
[Defendant:] Yes.
[Defense Counsel:] Okay. And-but you still had taken the money and you hadn't returned it to them. Correct?
[Defendant:] I did not know I wasn't getting the tickets until I had taken all the money.
[Defense Counsel:] Okay. But then you didn't have an intention of giving it back to them. Right?
[Defendant:] I did have an intention. I just had-
[Defense Counsel:] You never gave it back to them. Right?
[Defendant:] No, I did not.
[Defense Counsel:] Okay. So their, their idea was that, that they were going to give you money and then you were going to in exchange give them these tickets. Correct?
[Defendant:] Yes.
*347 [Defense Counsel:] And in fact, you did not do that. Is that right?
[Defendant:] No.
[Defense Counsel:] Okay. You used the money for any other purposes other than what these folks had given you the money for. Is that right?
[Defendant:] Some, yes.
[Defense Counsel:] Okay. So, so you're pleading to Count Two of theft by deception because you are guilty of that?
[Defendant:] Yes.
The plea judge found meritless defendant's argument that he asserted a colorable claim of innocence during his plea allocution,[2] and ruled "there was a factual basis ... to a theft," because defendant
admitted that he obtained money from his [sixteen] victims with a clear understanding that he was going to use that money to purchase Giant[s] tickets on ... behalf of the victims and then refused to return the money to the victims after he realized he couldn't purchase *905 the tickets. And he used [the money] for his own purposes.
"An appellate court is in the same position as the trial court in assessing whether the factual admissions during a plea colloquy satisfy the essential elements of an offense." State v. Tate, 220 N.J. 393, 404, 106 A.3d 1195 (2015). As such, when a defendant challenges the factual basis for a guilty plea, our review is de novo. Id. at 403-04, 106 A.3d 1195.
A judge "shall not accept" a guilty plea without determining "there is a factual basis for the plea." R. 3:9-2. "Indeed, 'it is essential to elicit from the defendant a comprehensive factual basis, addressing each element of a given offense in substantial detail.' " State v. Perez, 220 N.J. 423, 432, 106 A.3d 1212 (2015) (quoting State v. Campfield, 213 N.J. 218, 236, 61 A.3d 1258 (2013) ).
*348 The factual basis requirement "serves a variety of purposes." State v. Barboza, 115 N.J. 415, 421, 558 A.2d 1303 (1989). The requirement helps "to 'protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.' " Ibid. (quoting Fed. R. Crim. P. 11 advisory committee's note to 1966 amendments). "Because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." State v. Urbina, 221 N.J. 509, 526, 115 A.3d 261 (2015) (quoting McCarthy v. United States, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) ). "[I]f a factual basis has not been given to support a guilty plea, the analysis ends and the plea must be vacated." Tate, 220 N.J. at 404, 106 A.3d 1195.
Our de novo review reveals that defendant did not provide a factual basis for each element of theft by deception; the applicable statute, N.J.S.A. 2C:20-4, provides in part:
A person is guilty of theft if he purposely obtains property of another by deception. A person deceives if he purposely:
a. Creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind, and including, but not limited to, a false impression that the person is soliciting or collecting funds for a charitable purpose; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise;
b. Prevents another from acquiring information which would affect his judgment of a transaction; or
c. Fails to correct a false impression which the deceiver previously created or reinforced, or which the deceiver knows to be influencing another to whom he stands in a fiduciary or confidential relationship.
Contrary to the State's argument that defendant "purposely [misled] the victims to believe that he had the Giants tickets," defendant stated that he did not have the tickets when he took the victims' money, and "did not know [he] wasn't getting the tickets until [he] had taken all the money." He further claimed he intended to return the victims' money. Thus defendant did not admit he obtained the victims' money by deception; he did not *349 know at the time he took the money that he would *906 not be able to obtain the tickets. Further, defendant's admissions did not establish another element of the crime-that the victims relied on the deception when they tendered the money. If defendant did not know at the time he took the money that he would not be able to obtain the tickets, he could not "purposely create[ ] or reinforce[ ] a false impression in order to obtain [the] property," an essential element of theft by deception. State v. Bennett, 194 N.J. Super. 231, 235, 476 A.2d 833 (App. Div. 1984). Since defendant did not admit he obtained the victims' money by deception, he did not establish a factual basis for that crime.
II
The plea judge agreed with the State's argument "that ... [d]efendant cannot and should not be permitted to escape his admitted guilt simply because he disclaimed an element of theft by deception while admitting to hav[ing] committed a theft of a different kind, which is theft by failure to make required disposition." The State echoes that holding, arguing that under N.J.S.A. 2C:20-2(a), which consolidates theft offenses, "evidence that defendant committed theft by failing to make required disposition can support a guilty plea to any type of theft."
When analyzing statutory provisions, we owe no deference to the judge's legal interpretation of those statutes, a purely legal issue, and conduct our review de novo. State v. Buckley, 216 N.J. 249, 260-61, 78 A.3d 958 (2013) ; Manalapan Realty LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378, 658 A.2d 1230 (1995). "Our task in statutory interpretation is to determine and effectuate the Legislature's intent." Bosland v. Warnock Dodge, Inc., 197 N.J. 543, 553, 964 A.2d 741 (2009). In construing the laws,
words and phrases shall be read and construed with their context, and shall, unless inconsistent with the manifest intent of the legislature or unless another or different meaning is expressly indicated, be given their generally accepted meaning, according to the approved usage of the language.
[ State v. Gandhi, 201 N.J. 161, 177, 989 A.2d 256 (2010) (quoting N.J.S.A. 1:1-1 ).]
*350 "[W]e look first to the plain language of the statute, seeking further guidance only to the extent that the Legislature's intent cannot be derived from the words that it has chosen." Pizzullo v. N.J. Mfrs. Ins. Co., 196 N.J. 251, 264, 952 A.2d 1077 (2008). If additional analysis is required, we utilize "a variety of sources ... [c]entral among [which] is a statute's legislative history." Richardson v. Bd. of Trs., P.F.R.S., 192 N.J. 189, 196, 927 A.2d 543 (2007).
The pertinent theft consolidation subsection of the statute relied upon by the State provides:
Conduct denominated theft or computer criminal activity in this chapter constitutes a single offense, but each episode or transaction may be the subject of a separate prosecution and conviction. A charge of theft or computer criminal activity may be supported by evidence that it was committed in any manner that would be theft or computer criminal activity under this chapter, notwithstanding the specification of a different manner in the indictment or accusation, subject only to the power of the court to ensure fair trial by granting a bill of particulars, discovery, a continuance, or other appropriate relief where the conduct of the defense would be prejudiced by lack of fair notice or by surprise.
[ N.J.S.A. 2C:20-2(a).]
Although the statutory language does not, as defendant argues, explicitly limit consolidation to trials, some of it clearly references trial settings. The phrase, "[a] charge of theft ... may be supported by evidence," implicates a trial; evidence is presented only at a trial while pleas are supported by a defendant's factual basis. Likewise, "continuance," "conduct of the *907 defense," and "prejudiced by lack of fair notice or by surprise" pertain to trial proceedings, not to the more controlled plea setting. And the context of "to ensure fair trial" is obvious.
A review of secondary sources-our Supreme Court's historical review of the original New Jersey consolidation statute and the commentary to the Model Penal Code theft consolidation provision-also supports our view that the consolidation statute applies only to trial settings.
The Court, in State v. Talley, 94 N.J. 385, 390-91, 466 A.2d 78 (1983) (alterations in original), analyzed the history of the original version of N.J.S.A. 2C:20-2(a) :
*351 As stated in the commentary to the Code, "[t]he common unifying conception in all these [offenses] is the 'involuntary transfer of property'; the actor appropriates property of the victim without his consent or with consent obtained by fraud or coercion." II Final Report of the New Jersey Criminal Law Revision Commission, commentary to N.J.S.A. 2C:20-2, at 291 (1971). The commentary to the Model Penal Code, after which the Criminal Code was modeled, discussed the consolidation concept as follows:
Nevertheless, consolidation cannot eliminate the necessity for careful drafting, nor can it avoid the necessity for a properly specific delineation of the various types of property deprivations that should be punished by the criminal law.
....
The purpose of consolidation, therefore, is not to avoid the need to confront substantive difficulties in the definition of theft offenses. The appropriate objective is to avoid procedural problems. Even a consolidated offense ... will retain distinctions among methods of acquisition and appropriation. The real problem arises from a defendant's claim that he did not misappropriate the property by the means alleged but in fact misappropriated the property by some other means and from the combination of such a claim with the procedural rule that a defendant who is charged with one offense cannot be convicted by proving another.
[ Model Penal Code § 223.1 cmt. 2(b) at 132-33 (Am. Law Inst.) (rev. cmts. 1980) (emphasis added).]
The Court spoke of a trial setting when it held that "attempting to defeat one charge by arguing that [a defendant] committed a different criminal offense" is "the very vice at which the 'consolidation' statute is directed." Talley, 94 N.J. at 391, 466 A.2d 78. In conclusion, the Court emphasized "the adversary system cannot be permitted to deteriorate into a mere game in which defendant brazenly manifests his contempt for the system by openly admitting his guilt of an offense and then seeking exoneration on the basis of some arcane notion of pleading." Id. at 394, 466 A.2d 78.
In addition to the analysis set forth in Talley, the commentary to the Model Penal Code illustrates instances where the consolidation statute is appropriate:
Examples come readily to mind where an unwary prosecutor might stumble in distinguishing larceny, false pretenses, extortion, and embezzlement. An offender who is prosecuted for fraud might escape by proving that the victim did not believe the representations made to him but was merely frightened by them. Similarly, one who gives a bad check as a down payment on an automobile which is thereupon delivered to him on conditional sale may defeat criminal prosecution for obtaining by false pretenses by arguing that the vendor reserved title and that the vendee *352 could therefore *908 only be guilty of larceny, the offense against possession. The intricacies of distinguishing between stealing and receiving stolen goods and of the proper procedure for presenting these alternative views of the defendant's involvement may also lead to needless reversals of convictions.
[ Model Penal Code, § 223.1 cmt. 2(b) at 134 (Am. Law Inst.) (rev. cmts. 1980) (footnotes omitted).]
A fair reading of this background material leads to one conclusion: the statute is applicable only to trials. The mention of "the proper procedure for presenting these alternative views of the defendant's involvement" references trial procedures and has no application in a plea setting, ibid .; so too, a defendant can "openly admit[ ] his guilt of an offense and then seek[ ] exoneration on the basis of some arcane notion of pleading" only at a trial. Talley, 94 N.J. at 394, 466 A.2d 78. During a plea, a defendant should not be permitted to manipulate the process by admitting one type of theft of which he is not accused and then defending against another type with which he is charged-the very danger N.J.S.A. 2C:20-2(a) was designed to guard against. That risk is present only in the "adversary system"-trials-of which the Talley Court spoke. 94 N.J. at 394, 466 A.2d 78. If a defendant does not admit a basis for a charge to which he is pleading guilty, the judge should reject the plea and let the case proceed to trial or an alternate resolution. See R. 3:9-2. "The trial court must overcome 'a defendant's natural reluctance to elaborate on the details,' and reject a guilty plea absent the defendant's admission of 'the distasteful reality that makes the charged conduct criminal.' " Campfield, 213 N.J. at 231, 61 A.3d 1258 (quoting State ex rel. T.M., 166 N.J. 319, 334-35, 765 A.2d 735 (2001) ).
Defendant's plea should have been rejected here. As we have explained, the consolidation statute was not enacted to allow a defendant to admit the elements of a theft with which he is not charged.[3] Rule 3:9-2 and our case law provide an orderly process *353 by which a defendant, with a thorough understanding of the charge and the consequences of a plea, admits the elements of that charge. See Urbina, 221 N.J. at 528-29, 115 A.3d 261 (placing responsibility on the plea judge to undertake " 'a thorough and searching inquiry' into '[the defendant's] understanding of the nature of the right being waived and the implications that flow from that choice' " (quoting State v. Handy, 215 N.J. 334, 362, 73 A.3d 421 (2013) ) ). Because that procedure was not followed in this case, we are constrained to vacate the plea and remand the case for further proceedings on the indictment. See Campfield, 213 N.J. at 237, 61 A.3d 1258 ("[F]ollowing [the] revocation of a plea agreement, the parties must be restored to their respective positions prior to the guilty plea, and all counts dismissed by the trial court in accordance with a plea agreement must be reinstated.").
Reversed and remanded. We do not retain jurisdiction.

The plea agreement provided the charge would be treated as a third-degree crime for sentencing purposes, and that the other two indicted charges would be dismissed.

The judge considered the four factors-one of which is the assertion of a colorable claim of innocence-announced in State v. Slater, 198 N.J. 145, 966 A.2d 461 (2009), in deciding defendant's motion. When, however, a motion to withdraw is premised on an inadequate factual basis, judges should not undertake a Slater analysis. State v. Tate, 220 N.J. 393, 404-05, 106 A.3d 1195 (2015).

Arguably, defendant admitted the elements of theft by failure to make lawful disposition. N.J.S.A. 2C:20-9. In a theft by failure to make lawful disposition, "the initial taking is authorized but at a later time a theft occurs when the property is converted to the possessor's own use." State v. Dandy, 243 N.J. Super. 62, 64-65, 578 A.2d 881 (App. Div. 1990), superseded by statute in part on other grounds, N.J.S.A. 2C:20-10(b). We need not consider whether a factual basis for that crime was established; defendant was never charged with that crime in the indictment, or in any accusation.