**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3112-21

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

TROY BUNERO,

     Defendant-Appellant.

_____

Submitted January 9, 2024 – Decided April 15, 2024

Before Judges Sumners and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 14-02-0010.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent (Adam David Klein, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Troy Bunero, a former supervisor in the North Bergen Department of Public Works (DPW), was indicted on February 20, 2014, for his role in a scheme diverting DPW resources for private use. The nine-count indictment included a count for third-degree theft by unlawful taking or disposition, N.J.S.A. 2C:20-3(a) and 2C:2-6, alleging defendant "knowingly did unlawfully take or exercise unlawful control over the movable property of [DPW], including tools, equipment, vehicles, and employee services, including, but not limited to" by directing DPW employees to "work on one or more election campaigns" and perform work on defendant's home, his co-defendant's car, and another DPW supervisor's home, "for which they were paid for regular or overtime hours by [DPW]."

Defendant pled not guilty to all counts. At trial, the court indicated it planned to instruct the jury on theft of services, N.J.S.A. 2C:20-8(b), instead of theft by unlawful taking, pursuant to the theft consolidation statute, N.J.S.A. 2C:20-2(a). A week later,[1] the court issued the jury instructions, quoting the theft of services statute and describing the crime as "theft as a third[-]degree

[1] We briefly stayed the trial, allowing the State to file an emergent motion for leave to appeal the trial court's order to charge the jury on the affirmative defense of duress, N.J.S.A. 2C:2-9(a). The State's leave to appeal was granted and the trial court's order was summarily reversed.

A-3112-21

offense." The jury found defendant guilty on all counts, and he was subsequently sentenced to a five-year prison term. The conviction was affirmed on direct appeal. State v. Bunero, No. A-2126-15 (App. Div. Apr. 2, 2018), certif. denied, 235 N.J. 464 (2018).[2]

Following his unsuccessful direct appeal, defendant petitioned for post-conviction relief (PCR), alleging ineffective assistance of counsel. The petition was denied without an evidentiary hearing on December 5, 2019. We affirmed in part but remanded for the PCR judge to address defendant's claim that his trial counsel rendered ineffective assistance by failing to object to the trial court's jury instruction on theft of services. State v. Bunero, No. A-1896-19 (App. Div. May 3, 2021) (slip op. at 11).

On February 28, 2022, PCR Judge Angelo Servidio, who replaced the retired initial PCR judge, issued an order denying defendant's claim without an evidentiary hearing and a written opinion supplementing the initial PCR judge's decision. Judge Servidio reasoned the indictment alleged defendant used township workers' services for private use, giving him sufficient "notice that theft of services was within the four corners of his [i]ndictment." State v. Talley,

---

[2] Separately, we reversed a trial court order granting defendant's bail pending appeal. State v. Bunero, No. A-1848-15 (App. Div. June 21, 2016).

94 N.J. 385, 390-93 (1983); Cannel, <u>New Jersey Criminal Code Annotated</u>, cmt. 2 on N.J.S.A. 2C:20-2 (2020) (observing "the common unifying conception in all theft offenses is the 'involuntary transfer of property'" without the owner's consent). Thus, the theft consolidation statute allowed the trial court "to charge the jury on theft of services" and trial counsel was not ineffective when trial counsel failed to oppose this instruction.

In a single point, defendant argues before us:

> MR. BUNERO IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO OBJECT TO A JURY CHARGE ON THEFT OF SERVICES.

PCR is appropriate when a criminal defendant was substantially denied a constitutional right, such as the right to effective assistance of counsel. <u>R.</u> 3:22-2(a); <u>State v. Gideon</u>, 244 N.J. 538, 550 (2021). To establish ineffective assistance of counsel, the defendant must show: 1) "counsel's performance was deficient," and 2) "the deficient performance prejudiced the defense." <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); <u>State v. Fritz</u>, 105 N.J. 42, 58 (1987). The failure to file a meritless motion is not ineffective assistance of counsel. <u>State v. O'Neal</u>, 190 N.J. 601, 619 (2007).

A-3112-21

An evidentiary hearing is held "only upon the establishment of a prima facie case in support of post-conviction relief." R. 3:22-10(b). A "prima facie case" requires a defendant "demonstrate a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits," ibid., and must be supported by "specific facts and evidence supporting his allegations," State v. Porter, 216 N.J. 343, 355 (2013). "We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion." State v. Peoples, 446 N.J. Super. 245, 255 (App. Div. 2016) (citing State v. Preciose, 129 N.J. 451, 462 (1992)).

Applying these principles, we conclude defendant's contentions lack sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(2), and affirm substantially for the reasons expressed in Judge Servidio's thorough and cogent thirteen-page written decision. We add these brief remarks.

The theft consolidation statute provides, in pertinent part:

> Conduct denominated theft . . . constitutes a single offense . . . . A charge of theft . . . may be supported by evidence that it was committed in any manner that would be theft . . . under this chapter, notwithstanding the specification of a different manner in the indictment . . . [unless] the defense would be prejudiced by lack of fair notice or by surprise.
>
> [N.J.S.A. 2C:20-2(a) (emphasis added).]

Considering the charges against defendant, the statute allowed the trial court to instruct the jury on theft of services. The indictment alleged defendant had DPW employees renovate homes, repaint his co-defendant's car, and work on external election campaigns, all at DPW's expense. Theft of services requires showing the defendant, "having control over the disposition of services of another, to which he is not entitled, . . . knowingly divert[ed] such services to his own benefit or to the benefit of another not entitled thereto." N.J.S.A. 2C:20-8(b). Because "defendant was provided with adequate notice of the charges" that were ultimately given to the jury, State v. Dorn, 233 N.J. 81, 96 (2018), there is no merit to his claim that counsel was ineffective for not objecting to the trial court's theft of services jury instruction. In failing to make a prima facie showing of ineffective assistance of counsel under Strickland, defendant was not entitled to an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3112-21